## No. 6523.

### State ex rel. P. Bouron vs. Judge of the Fifth District Court.

A judgment was rendered in *concurso*, without fixing the amount due to each claimant. Afterward, one of the creditors, on a rule for that purpose, obtained a decree fixing the sum due him, which was over five hundred dollars. One of the parties in interest applied for a suspensive appeal. It was refused, on the ground that the decree was an interlocutory one.

Held—That the decree was final, and that from all final decrees, where the sum involved is over five hundred dollars, a suspensive appeal lies.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. H. D. & Charles G. Ogden,* for relator. *Hornor & Benedict,* for respondent.

The opinion of the court was delivered by Marr, J.

In the suits of Samuel Lee vs. F. F. Kendall, No. 4815, and Philip Bouron vs. the same, No. 4816, certain property was seized and sold under executory process, and the proceeds were in the hands of the civil sheriff for distribution. Interventions and third oppositions were filed by several persons, among others, Peter Markey, claiming privileges on the proceeds. The suits were consolidated, and, in June, 1876,

· 60                    SUPREME COURT OF LOUISIANA,

State ex rel. Bouron.vs. Judge of the Fifth District Court.

a judgment was rendered, fixing the rank in which the creditors were to be paid, from which judgment a devolutive appeal was taken.

This judgment, rendered *in concurso*, did not fix the amount to be paid to Markey, and on the twenty-first of July, his counsel, suggesting to the court that the judgment in his favor was final and executory, and that he had demanded of the civil sheriff payment of the amount due him out of the proceeds in his hands, which the sheriff refused, and to which the plaintiffs in the suits refused to consent, moved a rule on Bouron, Lee, and the sheriff, to show cause why the costs should not be fixed according to law, " and why the sheriff should not be ordered to pay the intervenor the sum of six hundred and fifty dollars out of the proceeds of sale herein with costs of this rule."

On the twelfth of September judgment was rendered on this rule, signed on the twelfth of October, by which " it is ordered that the said rule be made absolute, and, accordingly, that the costs herein be taxed according to law, and that the sheriff be ordered to pay to Peter Markey, intervenor herein, the sum of $610 76 out of the proceeds of sale herein with costs of this rule."

Bouron, by petition, took a suspensive appeal from this judgment, and Markey moved to set it aside, which was done on the grounds that the judgment was interlocutory and not final, and that judgment having been rendered on the merits in favor of Markey, and plaintiff not having appealed suspensively from that judgment, can not stay and prevent the execution of the *fieri facias* upon that judgment by an appeal as attempted. Bouron prays this court to grant a writ of mandamus, requiring the judge of the Fifth District Court to recognize and allow the suspensive appeal taken by him and a writ of prohibition forbidding the said judge from further proceeding in the cause and from causing the execution of the judgment appealed from.

It is manifest that something remained to be done after the judgment *in concurso* before Markey could demand of the sheriff any precise amount, and the judgment on the rule of the twenty-first of July, the judgment appealed from, did that which no other judgment in the cause has done—it not only fixed the amount, but ordered the sheriff to pay that amount, $610 76, out of the proceeds in his hands. This judgment is final between the parties, and it disposes of the whole controversy.

In determining whether a party is entitled to appeal from a judgment no inquiry can be made as to what may be the effect of that appeal upon another judgment, rendered at a different time, between the parties in the same cause. The questions are: First—Is the judgment from which an appeal is demanded final ? Second—Is the amount in controversy above the sum of five hundred dollars.

State ex rel. Bouron vs. Judge of the Fifth District Court.

First—We have here a judgment which terminates the controversy, and it is signed by the judge. It is therefore a final judgment in every sense of the term.

Second—This judgment is for $610 76, which is above the appealable amount.

All that the constitution requires for the complete jurisdiction of this court is realized and exists in this case, and the relator is entitled to the relief which he asks at our hands.

It is therefore ordered, adjudged, and decreed that the writs of mandamus and prohibition herein issued be made peremptory as prayed for, and that the respondent pay the costs of this proceeding.